# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRECIOUS SHIRLEY BADRAN,

Plaintiff,

v.

MILWAUKEE POLICE
DEPARTMENT – 5TH DISTRICT,
OFFICER DAVID J. LETTERER,
OFFICER MACRAE S. RUSSELL, and
JOHN DOE OFFICERS 1–5,

Defendants.

Case No. 26-CV-51-JPS

**ORDER**

On January 12, 2026, Plaintiff Precious Shirley Badran ("Badran") filed a pro se complaint alleging various constitutional violations. ECF No. 1. The case was randomly assigned to Magistrate Judge Stephen C. Dries. Magistrate Judge Dries dismissed the complaint because of pleading issues, namely the statute of limitations, qualified immunity, and the naming of the wrong defendants. ECF No. 4 at 2–3. He, however, gave Badran leave to amend the complaint. *Id*. at 3. On February 11, 2026, Badran filed an amended complaint. ECF No. 5. That same day, Badran filed a motion to clarify Magistrate Judge Dries' basis for dismissal and to toll the statute of limitations. ECF Nos. 6 and 7. On February 25, 2026, Magistrate Judge Dries entered a report and recommendation that the case be dismissed with prejudice, noting that Badran's amended complaint does not "include any

factual allegations" and that the statute of limitations, for events[1] that occurred nearly seven years ago would bar any recovery in this case. ECF No. 9 at 2–3. He also noted that Badran did not provide any evidence that would support the application of equitable tolling. *Id*. at 3. Accordingly, he recommended that Badran's motion to proceed without prepayment of the filing be denied as moot; that Badran's motion to clarify be denied as moot; that Badran's motion to apply equitable tolling be denied; and that judgment be entered accordingly. *Id*. at 4.

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to Magistrate Judge Dries' report and recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id*. at 4.

Here, it appears, although the Court cannot say with certainty because Badran did not date the filing, that Badran filed her objections a day late. ECF No. 10. "While that 14-day deadline is not jurisdictional, . . . the parties and the court are not free to ignore it. Rather, the court should take into account whether the objections are egregiously late and whether the delay in filing them has caused any prejudice in determining whether to consider the late-filed objections." *Day v. River Forest Sch. Dist. 90*, No. 10 CV 4426, 2012 WL 3835840, at *2 (N.D. Ill. Sept. 4, 2012) (citing *Kruger v. Apfel*, 214 F.3d 784, 786–87 (7th Cir. 2000)). The Court retains discretion to consider a late-filed objection. *See id*. (citing same).

---

[1]Badran does not include any factual allegations in her amended complaint, as Magistrate Judge Dries correctly noted; however, she did initially allege that "two white cops beat [her] on February 1, 2019." ECF No. 1 at 9.

Here, the Court will consider Badran's objections, even if they are a day late. Even so, the fact remains that she has had since the end of January 2026 to correct her complaint because it was at that time that Magistrate Judge Dries identified the defects therein. ECF No. 4. Yet Badran has not done so in the time that has followed. *See generally* ECF No. 5. As a result, the case, which is premised on events that occurred in 2019, remains time-barred. *See Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024) (citing WIS. STAT. § 893.53 (2016), *amended by* 2017 Wis. Act 235 (eff. Apr. 5, 2018)) (discussing that, after April 5, 2018, the statute of limitations is three years to file constitutional civil rights claims); WIS. STAT. § 893.57 (three year limitation period for intentional torts). And she fails to allege any concrete facts to help the Court assess whether she raises any claim sufficient to survive screening. ECF No. 5; *see U.S. Sec. & Exc. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 778 (N.D. Ill. Jan. 24, 2017) (suggesting that the court would have dismissed the case had it not been able to "review[] the sufficiency of each count.").

As Magistrate Judge Dries correctly noted, there is no basis to apply equitable tolling here, despite Badran's protestations to the contrary, ECF No. 6. He is correct to suggest that the underlying facts here, *see supra* note 1, would have required her to bring a claim here within three years of February 1, 2019, regardless of any evidence she has uncovered more recently. ECF No. 9 at 3. Since equitable tolling is "available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence," and Badran has not suggested that either condition applies, Badran has failed to meet this burden. *Id.* (quoting *Knight v. Frankie*, 24-cv-120-jdp, 2024 WL 4869406, at *4 (W.D. Wis. Nov. 22, 2024)). Her objections fail to engage in any way with

Magistrate Judge Dries' finding that equitable tolling does not apply. *See generally* ECF No. 10.

Therefore, having considered Magistrate Judge Dries' report and recommendation, and finding the objections thereto unpersuasive, the Court will adopt it and overrule Badran's objections.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries' report and recommendation, ECF No. 9, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff Precious Shirley Badran's objections, ECF No. 10, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff Precious Shirley Badran's motion to leave without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Precious Shirley Badran's motion to toll the statute of limitations, ECF No. 6, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Precious Shirley Badran's motion to clarify, ECF No. 7, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.