# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRECIOUS SHIRLEY BADRAN,

Plaintiff,

v.

MILWAUKEE POLICE DEPARTMENT – 5TH DISTRICT, OFFICER DAVID J. LETTERER, OFFICER MACRAE S. RUSSELL, and JOHN DOE OFFICERS 1–5,

Defendants.

Case No. 26-CV-51-JPS

**ORDER**

On January 12, 2026, Plaintiff Precious Shirley Badran ("Badran") filed a pro se complaint alleging various constitutional violations against Defendants Milwaukee Police Department – 5th District, Officer David J. Letterer, Officer Macrae S. Russell, and John Doe Officers 1–5 (collectively, "Defendants"). ECF No. 1. The case was randomly assigned to Magistrate Judge Stephen C. Dries. Magistrate Judge Dries issued a report and recommendation (the "R&R") that the complaint be dismissed as untimely under the relevant statutes of limitations. ECF No. 9; *see* WIS. STAT. §§ 893.53 and 893.57. The Court adopted the R&R and dismissed the case, finding unpersuasive Badran's objections as to why equitable tolling should apply. ECF No. 11.

Now before the Court is what Badran stylizes as a Rule 11 motion for sanctions for fraudulent concealment. ECF No. 18. In support, Badran alleges that "Defendants have actively maintained a motion to dismiss based on a statute of limitations defense while knowing they suppressed

CAD Record No. 190312557," which "contains the exact operational timelines and identities necessary to advance this case." *Id.* at 1. Badran asks that the Court "enter an order striking the Defendants' [m]otion to [d]ismiss, . . . enter[] a finding of bad-faith concealment, and award[] Plaintiff all costs and fees incurred as a result of this obstruction." *Id.* Construing the motion liberally in light of Badran's pro se status, the Court views her filing at ECF No. 18 as a motion for relief for judgment under Federal Rule of Civil Procedure 60[1] and a motion for sanctions.

With that clarified, the Court turns to Badran's Rule 60 motion. It is without merit. As Magistrate Judge Dries explained in the R&R:

> Even if [Badran] is right that there is new evidence, the absence of that evidence did not bar her claim being filed earlier. Every case produces "new evidence" that develops through the discovery process, but that does not mean plaintiffs enjoy a rolling statute of limitations. The underlying facts would have allowed her to bring a claim within three years regardless of any evidence she has uncovered more recently.

ECF No. 9 at 3. In other words, Badran's Rule 60 motion merely rehashes a line of argument that the Court has already rejected when it adopted the R&R, *see* ECF No. 11, meaning that she has fallen well short of establishing she is entitled to relief from judgment. *Shifrin v. Liberty Mut. Ins.*, No. 1:12-cv-01011-JMS-DK, 2014 WL 1323715, at *1 (S.D. Ind. Apr. 1, 2014) (explaining that Rule 60 motions are not vehicles for rehashing old arguments (citing *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.),* 598

---

[1]The Court views her filing in this manner because, while there never was a motion to dismiss in this case, let alone a grant of the same, it is apparent that Badran seeks relief for judgment; in this case, the time has long passed to bring a motion under Rule 59, so the Court construes the motion as being raised under Rule 60 for newly discovered evidence/fraud. *See* FED. R. CIV. P. 59(e) (allowing 28 days to bring such a motion); FED. R. CIV. P. 60(b)(2)-(3) (newly discovered evidence and fraud provisions).

F. Supp. 2d 913, 916 (S.D. Ind. 2008) and *Holland v. City of Gary*, No. 2:10-cv-454-JD-PRC, 2013 WL 1753131, *3 (N.D. Ind. 2013))). And, in any event, the time to appeal has come and gone. FED. R. APP. P. 4(1)(a) (giving litigants 30 days to appeal); ECF No. 17 (the Court's June 8, 2026 ruling on Badran's initial motion to reconsider); *Shifrin*, 2014 WL 1323715, at *3 (noting that the time to appeal is tolled if a motion to reconsider is filed (citing FED. R. APP. P. 4(a)(4)(A)).

As to her motion for sanctions, it is similarly without merit. There was no motion to dismiss, so there is nothing for the Court to strike. Insofar as Badran seeks to recover costs and fees, she cannot do so. Even if she otherwise would have a basis for sanctions (which she does not, as this litigation has not even advanced past screening), Badran is not an attorney. *Harris v. City of Bloomington*, No. 25-1488, 2026 WL 1255786, at *3 (7th Cir. May 7, 2026) (citing *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003)). As such, the Court is constrained to deny Badran's motion for sanctions, including costs and fees.

Accordingly,

**IT IS ORDERED** that Plaintiff Precious Shirley Badran's motion for relief for judgment and for sanctions, ECF No. 18, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge